F. W. GATEWOOD *v.* EDMOND DUFF.

**Husband and Wife—Action for Necessaries—Pleading.**

    A petition in an action on a note alleged to have been given for necessaries, which fails to allege that the goods were sold and furnished to the wife, or that credit was given to her and not to her husband, is insufficient as against the wife.

**Husband and Wife—Liability for Husband's Debts.**

    A creditor can not apply the proceeds of a note owned by his wife to the husband's debts and then look to the wife for payment of such amount on her debt.

**Husband and Wife—Liability of Wife for Necessaries.**

    A judgment in personam against a married woman on a note alleged to have been executed for necessaries was held to be erroneous.

APPEAL FROM BARREN CIRCUIT COURT.

January 3, 1873.

OPINION BY JUDGE LINDSAY:

Appellant's demurrer to appellee's petition, as amended, should have been sustained. To construe the pleading most favorably to appellee he only charges that the consideration of the note "was necessaries for Mrs. Gatewood and her family." To charge the general estate of a married woman, the articles sold must not only be necessaries, but the debt must have been contracted by her. If the credit be given to the husband, the estate of the wife can not be reached, although she signs the note and subsequently agrees to pay the debt. Appellee fails to allege either that the goods were sold, or were loaned to Mrs. Gatewood in person, or that the credit was given to her and not to the husband. But aside from this appellee's petition should have been dismissed upon the proof. Appellee's own deposition shows conclusively that he did not regard Mrs. Gatewood as bound to pay more than $156.54 of the original indebtedness for which the note was executed. Settle, who was appellee's witness, swears that he was indebted to Mrs. Gatewood in the sum of four hundred dollars, and that after he had reduced his debt to about two hundred dollars his note was assigned to Duff in part payment of claims he held against Gatewood and wife. This

two hundred dollar payment, for which a credit is entered as of date January 28, 1867, more than satisfied Mrs. Gatewood's indebtedness, and Duff had no right to apply the payment to the husband's debt, and still look to the wife for what she may have owed him.

There is still another circumstance which very strongly rebuts the idea that the credit was extended to Mrs. Gatewood at all. The account against her filed by Duff with his deposition shows that some of the indebtedness was credited as far back as October, 1858, that it ran through 1859, 1862 and 1863, and that no note was taken except for seventy-five dollars loaned money, until July 24, 1863. Inasmuch as a married woman's estate could only be bound by an agreement in writing signed by herself and husband, it is very remarkable that Duff permitted this account to remain open for nearly five years.

There is yet another error. The judgment against Mrs. Gatewood is a judgment in personam. At the time the note was given she was a married woman and had no power to bind herself personally. The note might enable the creditor to reach her general estate, but it imposed upon her no personal obligation. The death of her husband did not enlarge her liability. There is nothing in this record showing that she owned any estate whatever at the time the note sued on was executed. Nor does the creditor seek by this proceeding to subject to the payment of his debt any specific estate now owned by him.

The judgment must be reversed. The cause is remanded with instructions to dismiss appellee's petition.

*Smith,* for appellant.

*Lewis Boles, McQuown,* for appellee.